UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMMY LYLE CARLTON,

    Plaintiff,

v.                                               Case No. 6:21-cv-657-GKS-LRH

CORIZON/CENTURION HEALTH
CARE INC, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Tommy Lyle Carlton's civil rights complaint (Doc. 1) filed under 42 U.S.C. § 1983, which the Court reviews for frivolity under 28 U.S.C. § 1915A.

### I.  Facts Alleged

Plaintiff, a convicted and sentenced state prisoner proceeding *pro se*, sues Corizon/Centurion Healthcare, Inc.; Y. Resilard, M.D., Chief Health Officer for Marion Correctional Institution; Cesar Calderon, M.D., Chief Health Officer for Tomoka Correctional Institution; W. Bala, M.D., Staff Doctor for Corizon/Centurion Healthcare, Inc; M. Thompson, Staff Physician's Assistant for Corizon/Centurion Healthcare, Inc.; Jackie W. Westfall, D.O., Chief Health Officer for Corizon/Centurion Healthcare, Inc; an RN with the last name of Wise,

with Corizon/Centurion Healthcare, Inc.; and "all medical personnel . . . involved in [his] treatment." (Doc. 1 at 2–3, 13). He sues each in their individual and official capacities.

Plaintiff states that in 2015 he sustained multiple fractures in his right foot, and subsequently developed fractures in his left foot as well. (Doc. 1 at 14).[1] He claims that he did not receive adequate splinting, pain control, or assistive devices. (*Id.*). Specifically, Plaintiff alleges that he was given crutches that were "taken away randomly"(although he also alleges that one crutch was taken away because it was viewed as a security risk), that he had to choose between using crutches or eating food, that he was told to use ibuprofen for pain control but ibuprofen should not be used with fractures, and that, while he was sent to a specialist, the specialist's recommendations for testing and possible surgery were not followed. (Doc. 1 at 14–15, 17). He also claims that only half-casts were used, rather than full casts, due to insufficient supplies and a lack of nurses experienced with applying full casts. (Doc. 1 at 17). Plaintiff claims that, after writing many grievances, he was finally given orthopedic shoes, which helped. (Doc. 1 at 15, 18).

Then Plaintiff was transferred to Tomoka Correctional Institution in February 2017, where his orthopedic shoes were confiscated by Defendant Wise,

---

[1] Although not entirely clear, it appears that he was confined at Marion Correctional Institution at that time, given the fact that he sues Dr. Resilard from Marion C.I.

2

the nurse, who did not believe Plaintiff when he explained that his fractures had not yet healed. (Doc. 1 at 15). Plaintiff claims that, when he continued to ask for care, Defendant Wise threatened to allege that Plaintiff sexually assaulted her, so that he would be beaten and charged with further crimes. Although he filed numerous grievances about her threats and his lack of treatment, he "continued to receive next to no treatment." (*Id.*). X-rays were apparently repeated, but still no treatment was provided. (*Id.*).

Plaintiff claims that his condition is worsening, that x-rays now show degenerative changes in his feet, that the medical care provided to him does not satisfy the standard of care for medicine provided outside prison walls, and that he believes he has been targeted because of his (unspecified) religion and his identity as "openly masculine gay." (Doc. 1 at 16). Plaintiff alleges that he lives in constant pain, has difficulty walking, and fears being victimized for being viewed by others as weak. (*Id.*).

In support of his claims, Plaintiff attaches various radiology records from 2019 and 2020, along with the consultation report from 2015. (Doc. 1 at 21–26). Plaintiff seeks a preliminary injunction, various types of injunctive relief, and compensatory and punitive damages.

## II. Analysis

Section 1983 does not contain a statute of limitations; therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas,* 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). However, federal law governs when the statute of limitations begins to run. *Wallace v. Kato,* 549 U.S. 384, 388 (2007).

Under federal law,

> accrual [generally] occurs when the prisoner knows or should know that he has suffered the injury that forms the basis of his complaint and can identify the person who inflicted the injury. *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). However, an "allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided." *Lavellee v. Listi,* 611 F.2d 1129, 1132 (5th Cir. 1980). The critical distinction in the continuing violation analysis is whether the prisoner complains "of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Lovett v. Ray,* 327 F.3d 1181, 1183 (11th Cir. 2003) (internal quotation marks omitted).

*Baker v. Sanford,* 484 F. App'x 291, 293 (11th Cir. 2012) (per curiam) (unpublished).

The Eleventh Circuit has

> limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred. "If an event or series of events

4

> should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]"

*Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001)).

Plaintiff's allegations span the period between 2015 and February 24, 2021 — the date Plaintiff filed the present complaint. (Doc. 1 at 27).[2] Although Plaintiff complains of a continuing violation (*i.e.*, his failure to receive proper care for his fractures) a reasonably prudent plaintiff would have been aware of the alleged constitutional violation shortly after first presenting to medical staff and not receiving the care he believed appropriate. Therefore, Plaintiff cannot rely on the continuing violation doctrine, and his claims pertaining to any event prior to February 24, 2017 (*i.e.*, four years before he filed the complaint on February 24, 2021) are time barred. Consequently, because Plaintiff alleges that he was transferred to Tomoka C.I. on February 3, 2017 (Doc. 1 at 18), all of Plaintiff's claims related to his medical treatment at Marion C.I. prior to that time, including his claims against Dr. Resilard, are time-barred and must be dismissed.

---

[2] This is the filing date under the "mailbox rule." *See e.g., Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citing Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275-76 (1988)).

5

Next, Plaintiff sues each Defendant in their individual and official capacities. In order to attribute liability to the Defendants in their official capacities under Section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff has not alleged any such policy or custom. Therefore, all official capacity claims are dismissed.

Plaintiff also fails to describe any actions taken by any remaining defendant other than Defendant Wise.

> The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

*Smith v. Humphrey*, No. 5:12-cv-15-MTT-CHW., 2012 WL 774963, at *4 (M.D. Ga. Feb. 13, 2012). Therefore, the individual capacity claims against all remaining Defendants except defendant Wise are dismissed.

To the extent Plaintiff asserts his belief that he has been targeted because of his religion and his identity as "openly masculine gay" (Doc. 1 at 16), the Court

6

construes this claim as alleging an equal protection violation. Such claim, however, is insufficiently pleaded.

Equal protection claims arise when a plaintiff claims that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir.2 001)). Plaintiff fails to identify a specific defendant or defendants to which his equal protection claim applies, and he fails to allege the existence of a similarly situated individual who received more favorable treatment.

As for the individual capacity claim against Defendant Wise for deliberate indifference to a serious medical need, the Court finds the allegations sufficient to proceed to service of process on Defendant Wise on that claim.

However, to the extent Plaintiff requests a preliminary injunction (Doc. 1 at 19), that request is denied because he has failed to comply with Local Rule 6.02 of the United States District Court for the Middle District of Florida and Rule 65 of

the Federal Rules of Civil Procedure, which govern this Court's decision as to whether a preliminary injunction shall issue.

Finally, Plaintiff also requests appointment of counsel under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." (Doc. 1 at 19). However, a civil litigant has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, appointment of counsel is a privilege, which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id.* Plaintiff has asserted no reason for the appointment of counsel, and, upon review of the record before the Court, there do not appear to be any exceptional circumstances in this action necessitating the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Therefore, Plaintiff's request for counsel is denied.

Accordingly, it is **ORDERED** that:

1. All Defendants except Defendant Wise and the claims against those Defendants are **DISMISSED** without prejudice.
2. If Plaintiff desires to amend his complaint to remedy the noted deficiencies, he shall file an Amended Complaint within **THIRTY (30) DAYS** of the date of this order.

    a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it "Amended Complaint." The Amended Complaint must include *all* of Plaintiff's claims in this action; it may not refer back to or incorporate the original complaint.

    b. The Amended Complaint, as with the original Complaint, will be subject to initial screening under 28 U.S.C. § 1915A.

3. Should Plaintiff fail to file an Amended Complaint in the time provided, the case will proceed to service of process, by separate order, on the only remaining claim in this case—Plaintiff's individual capacity deliberate indifference claim against Defendant Wise.

4. Plaintiff's request for a preliminary injunction is **DENIED**.

5. Plaintiff's request for appointment of counsel is **DENIED**.

6. The Clerk is directed to:

    a. mail to Plaintiff a copy of the standard prisoner civil rights complaint form, and

    b. terminate all Defendants except for Defendant Wise as parties on the docket.

DONE and ORDERED in Orlando, Florida on August 30, 2021.

                                       G. KENDALL SHARP
                                       SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
OrlP-4 8/25